## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD J. VARNER,** | ) | |
| | ) | **Civil Action No. 12-599** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Cynthia Reed Eddy** |
| | ) | |
| **SUPERINTENDENT LOUIS S. FOLINO** | ) | |
| | ) | |
| **Respondent.** | ) | |

### MEMORANDUM OPINION AND ORDER[1]

Petitioner, Donald J. Varner, a state prisoner incarcerated at the State Correctional Institution at Mercer, Pennsylvania has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with his 2005 conviction of statutory sexual assault and related charges. For the reasons set forth below, the Petition will be dismissed as untimely. An appropriate order follows.

### A. Relevant Factual and Procedural History[2]

On February 15, 2007, in the Court of Common Pleas of Allegheny County, a jury found Petitioner guilty of one count each of Statutory Sexual Assault, Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault, Indecent Assault, Corruption of Minors, and two counts of Endangering the Welfare of Children. On May 16, 2007, Petitioner was sentenced to an aggregate term of from nine to eighteen years imprisonment. Petitioner filed a timely notice

---

1 The parties consented to jurisdiction by a United States Magistrate Judge. *See* ECF Nos. 15 and 16. *See also* 28 U.S.C. § 636(c)(1).

2 This information is taken from the Petition for Writ of Habeas Corpus, the Answer, and the attachments to those pleadings. In addition, this Court ordered and reviewed the state court record pertaining to this matter. The information contained in the state court record has been considered and incorporated into this Opinion.

of appeal and on October 28, 2008, the Superior Court of Pennsylvania affirmed his judgment of sentence. Petitioner did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

On October 7, 2009, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542, *et seq*. On February 25, 2010, the PCRA Court denied Petitioner's PCRA Petition. Petitioner filed a timely Notice of Appeal and on April 28, 2011, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief. Petitioner subsequently filed a Motion for Reconsideration, which was denied on July 5, 2011. Petitioner filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania, which was denied by that Court on December 12, 2011. Petitioner filed an Application for Reconsideration, which was denied on January 17, 2012. Petitioner's federal Petition for Writ of Habeas Corpus was executed on May 2, 2012.

## B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

(d)    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

(2)    The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment
or claim is pending shall not be counted toward any period of limitation
under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the

one-year limitations period, a federal court must undertake a three-part inquiry. First, the court

must determine the "trigger" date. Typically, this is the date that the petitioner's direct review

concluded and the judgment became "final" for purposes of triggering the one-year period under

section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed"

applications for post-conviction or collateral relief were pending during the limitations period

that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine

whether any of the other statutory exceptions or equitable tolling should be applied on the facts

presented.

In the instant action, the Superior Court affirmed Petitioner's conviction on October 28,

2008. Petitioner did not file a timely petition for allowance of appeal. Consequently, direct

review of Petitioner's conviction concluded, and the judgment became "final," on November 28,

2008. *See* Pa. R. App. P. 1113(a) (thirty-day period for filing a petition for allowance of appeal

to the Pennsylvania Supreme Court); Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding

that, because the Petitioner did not file a direct appeal from his guilty plea, his conviction and

3

sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed). Thus, Petitioner had one year from that date, *i.e.*, until on or about November 28, 2009 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal habeas petition by November 28, 2009; instead, his federal habeas corpus petition was not filed in this Court until May 2, 2012, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the statutory tolling provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner's one-year limitations period began running on November 29, 2008 and continued to run until October 7, 2009, the date he filed his PCRA petition. From November 29, 2008 until October 7, 2009, three-hundred and twelve (312) days had run on Petitioner's one-year limitations period; fifty-three (53) days remained. Petitioner's one-year AEDPA limitations was tolled while he was pursuing his PCRA proceeding from October 7, 2009 through January 17, 2012, the date the Supreme Court of Pennsylvania denied his Motion for Reconsideration of its Order denying Petitioner's Petition for Allowance of Appeal. *See* Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (holding that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the statute of limitations on filing a habeas petition). Petitioner's limitations period began running again on January 18, 2012 and expired 53 days later on March 11, 2012.

Petitioner's one-year limitations period ended on March 11, 2012. Unfortunately for him, Petitioner did not file his federal habeas corpus petition until May 2, 2012, almost two months after his limitations period had expired. Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled, a petitioner is entitled to equitable tolling only if he shows: 1) that he has been pursuing his rights diligently; and 2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. ——, 130 S.Ct. 2549, 2562 (2010). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id. Accord* Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012).

Petitioner argues that, in light of the Supreme Court's recent decision in Martinez v. Ryan, ——U.S. ——, 132 S. Ct. 1309 (2012), he is entitled to equitable tolling. In Martinez, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, [*i.e.*, a collateral proceeding

5

that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320.

Martinez does not mention statute of limitations arguments under § 2244(d) or the effect its holding should have on timeliness analyses with respect to requests for habeas relief . Accordingly, several courts have held that it has no bearing on whether a habeas petition was timely filed. Williams v. Ives, Civ. No. 12–652, 2012 WL 3939981, at *1 (E .D. Mo. Sept. 10, 2012). Chambers v. Medina, Civ. No. 12–1808, 2012 WL 4478984, at *5 (D. Colo. Sept. 28, 2012) ("[A]lthough Martinez might be relevant if [petitioner] were seeking to overcome a procedural default in the context of exhaustion of state court remedies, nothing in Martinez demonstrates the existence of any extraordinary circumstances sufficient to justify equitable tolling of the one-year limitation period."); Terry v. Cathel, Civ. No. 12–5263, 2012 WL 4504590, at *4 (D.N.J. Sept.27, 2012) ("No aspect of the Martinez decision implicated, addressed or even reflected on the issue of untimeliness of the litigant's federal habeas petition."); Stromberg v. Varano, Civ. No. 09–401, 2012 WL 2849266, at *5 n. 37 (E.D. Pa. July 11, 2012) ("Martinez is not controlling in this case because the Court denied the Petition as time-barred, not procedurally defaulted."). Therefore, Martinez does not provide a basis for applying equitable tolling in this case.

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, the Petition will be dismissed as untimely and Petitioner's Motion for an Evidentiary Hearing will be denied.

6

## C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability should be denied.

**AND NOW**, this 14th day of February, 2013:

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED as untimely**.

**IT IS FURTHER ORDERED** that the Motion for an Evidentiary Hearing (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of Appealability is **DENIED.**

7

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules

of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by

Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

Cynthia Reed Eddy
United States Magistrate Judge

Donald J. Varner
HB-8538
SCI Mercer
801 Butler Pike
Mercer, PA 16137